**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**VENANCIO VIGIL, JR.,**

                         **Plaintiff,**

        **v.**                                      **CASE NO. 20-3156-SAC**

**(FNU) DAVIES, et al.,**

                         **Defendants.**


**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

       Plaintiff Venancio Vigil, Jr., a state prisoner at the Norton Correctional Facility (NCF) in Norton, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

       Plaintiff's Complaint (ECF No. 1) alleges he was sexually harassed at the NCF.  Plaintiff states that over a period of about six months in 2018-2019, Defendant Davies repeatedly made inappropriate sexual comments to Plaintiff.  According to the Complaint, Davies's harassment included saying he wanted to put a flashlight in Plaintiff's rectum, placing the flashlight by his genitals and asking Plaintiff what he would do with genitals of that size while stroking the flashlight, and making the sign language "B" with his hand, placing it by his genitals, and asking Plaintiff if he'd seen a bird.   Complaint, ECF No. 1, at 2.  Plaintiff complained about Davies's

conduct, and an investigation substantiated Plaintiff's allegations, resulting in Davies being suspended for three days without pay and reassigned to a different unit.

Plaintiff states that he suffers from Post Traumatic Stress Disorder as a result of Davies's verbal harassment. Plaintiff names as defendants Officer Davies and the Kansas Department of Corrections (KDOC) and seeks compensatory damages of $150,000 for mental anguish and the termination of Defendant Davies.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal. The conduct of which Plaintiff complains, while inappropriate and completely unprofessional, does not reach the magnitude of a constitutional violation as required to state a claim under § 1983. A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000); *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998). For the objective component, the plaintiff must allege facts to show that the harassment was objectively, sufficiently serious, causing an "unnecessary and wanton infliction of pain." *Joseph*, 2000 WL 1532783, at *1-2 (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)). As to the subjective component, the plaintiff must allege facts to show that the defendant acted with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Barney*, 143 F.3d at 1310 (quoting *Farmer*, 511 U.S. at 834); *see also Joseph*, 2000 WL 1532783, at *1-2.

Where, as here, a prisoner alleges a guard made inappropriate or suggestive comments but did not touch him, courts have generally found the harassment was not sufficiently serious to meet the objective component of an Eighth Amendment claim. *See, e.g., Barney*, 143 F.3d at 1310 n.11

(noting that allegation of "severe verbal sexual harassment and intimidation" alone—in the absence of sexual "assault[ ]"—is insufficient to state an Eighth Amendment claim); *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, ... the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citation omitted)); *Howard v. Everett,* 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) (sexual harassment consisting of comments and gestures, absent contact or touching, "does not constitute unnecessary and wanton infliction of pain"); *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir. 1997) (isolated episodes of harassment and touching although "despicable," do not rise to level of Eighth Amendment violation).  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'"  *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation. Plaintiff has failed to state a sexual harassment claim under § 1983 on which relief can be granted, and this claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, the KDOC is subject to dismissal from this action.  The State and its agencies such as the Department of Corrections are not "persons" that Congress made amenable to suit for damages under § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official

capacities are 'persons' under § 1983."). Moreover, the KDOC is absolutely immune to suit for money damages under the Eleventh Amendment. Consequently, suits against the State and its agencies are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006) (citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **February 26, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 29th day of January, 2021, at Topeka, Kansas.


                                           **s/ Sam A. Crow**
                                           **SAM A. CROW**
                                           **U.S. Senior District Judge**