## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**VENANCIO VIGIL, JR.,**

**Plaintiff,**

v.                                        **CASE NO. 20-3156-SAC**

**(FNU) DAVIES, et al.,**

**Defendants.**


## MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated January 29, 2021 (ECF No. 4; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. Before the Court is Plaintiff's response to the MOSC (ECF No. 5).

The MOSC found that Plaintiff's allegations of sexual harassment failed to state a claim for violation of Plaintiff's rights under the Eighth Amendment, finding the type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation. Plaintiff's response does not dispute the legal precedent cited by the Court but argues Defendant Davies's conduct was wrong and disgusting. In addition, Plaintiff mentions that Davies did more than verbally harass him; he alleges Davies put his arm around Plaintiff's lower back and caressed his buttocks during pat downs. Plaintiff further alleges Davies's actions brought up sexual abuse he had suffered as a child and caused him to suffer from overwhelming anxiety and nightmares. He states he avoids

1

situations where he would need to be patted down, such as eating in the cafeteria with other inmates, and rarely goes to the yard. Plaintiff argues Davies abused his position of authority.

The Court agrees with Plaintiff that the alleged actions of Davies are abhorrent. However, the bar for stating a claim of cruel and unusual punishment under the Eighth Amendment is exceedingly high. The Court continues to find that the conduct alleged by Plaintiff is not objectively serious enough to give rise to an Eighth Amendment violation.

Moreover, where a prisoner bringing a § 1983 claim alleges mental or emotional injury without accompanying physical harm, he cannot sustain a claim for damages. Section 1997e(e) provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). While he certainly seems to have suffered mental or emotional injury as a result of Davies's actions, Plaintiff has not described any physical injury that was caused by the alleged deprivation of his constitutional rights.

Plaintiff states in his response, "Why can't I just go home, take your money, I just want to go home." ECF No. 5, at 3. Release from custody is not a remedy the Court can provide in a § 1983 lawsuit. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

Plaintiff also seeks the firing of Davies. The Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution

of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 7th day of July, 2021, at Topeka, Kansas.

**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**